SUMMARY ORDER

Xhevdet Nuzi, a native and citizen of Albania, seeks review of a June 30, 2008 order of the BIA affirming the July 24, 2006 decision of Immigration Judge (“IJ”) Sandy K. Horn, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Xhevdet Nuzi No. A 79 307 558 (B.I.A. June 30, 2008), aff'g No. A 79 307 558 (Immig. Ct. N.Y. City July 24, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, the Court may consider both the IJ’s and the BIA’s opinions for the sake of completeness if doing so does not affect the Court’s ultimate conclusion. Jigme Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Substantial evidence supports the agency’s conclusion that conditions in Albania have fundamentally changed such that Nuzi does not have a well-founded fear of future persecution. Even if an applicant establishes that he suffered past persecution, the presumption of a well-founded fear that arises upon such a showing may be rebutted where the agency finds that there has been a fundamental change in circumstances such that the ap *677 plicant no longer has a wellfounded fear of persecution in his country of nationality. 8 C.F.R. § 1208.13(b)(1). When determining whether conditions in a country “that is the subject of an appreciable proportion of asylum claims,” such as Albania, have changed, the agency “need not enter specific findings premised on record evidence.” Hoxhallari v. Gonzales, 468 F.3d 179, 187 (2d Cir.2006); see id. (affirming the agency’s finding that an applicant was ineligible for asylum or withholding of removal based on changed country conditions in Albania).
Here, the IJ considered the expert testimony that Nuzi submitted in support of his application, but concluded that it was “not helpful” in “explaining] away the ... substantial political changes that have occurred in [Albania] that [have] resulted in the dissipation of his claim of persecution .... ” While Nuzi argues that the agency erred in failing to consider the “deeply political nature” of Nuzi’s family’s land dispute, the IJ properly found that the expert testimony failed to indicate that, given the Democratic Party’s control of the Albanian government, Nuzi would have an objectively reasonable fear of persecution on account of his previous land feud with local police and members of the Socialist Party.
Finally, to the extent Nuzi argues that the IJ erred in failing to consider expert testimony indicating that corruption and violence in Albania remain major problems which would cause “serious problems for his safety” if he were to return to Albania, this argument fails, as “[g]eneral violence” and civil strife do not “form a basis for petitioner’s well-founded fear of persecution.” Melgar de Torres v. Reno, 191 F.3d 307, 314 n. 3 (2d Cir.1999).
Because we find no error in the agency’s changed country conditions finding, the agency properly denied Nuzi’s application for asylum, withholding of removal, and CAT relief, where all three claims were based on the same factual predicate.[2] See Hoxhallari, 468 F.3d at 187; see also Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. To the extent that Nuzi argues for the first time that he is entitled to humanitarian asylum, we decline to consider his argument because he failed to raise it to the BIA. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 119-20 (2d Cir.2007).